STATE of Missouri, Plaintiff/Appellant,

v.

Donald JARVIS, Defendant/Respondent.

No. 58491.

Missouri Court of Appeals,
Eastern District,
Division One.

May 21, 1991.

William L. Webster, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, Candide C. Cooper, Pros. Atty., Potosi, for plaintiff/appellant.

Daniel Brunson Hollingsworth II, Hillsboro, for defendant/respondent.

GRIMM, Judge.

In this criminal case, defendant Donald Jarvis is charged with second degree assault. Defendant filed a motion to dismiss, alleging double jeopardy, which the trial court sustained. The State appeals, contending defendant was never previously placed in jeopardy. We agree and reverse the dismissal.

Defendant was charged with second degree assault in January 1986. Three months later, an amended information was filed, reducing the charge to misdemeanor third degree assault. That charge, following a change of venue to Perry County, was nolle prossed on January 27, 1989.

In the meantime, on September 14, 1988, defendant was again charged in Washington County with second degree assault. The allegations in this charge were the same as those in the original 1986 second degree assault charge. Defendant filed his motion to dismiss April 12, 1989, which was argued and sustained May 21, 1990.

■ In his motion to dismiss, defendant alleged that when the State nolle prossed the first charge, the court costs were taxed at the State's request to defendant. The motion further states: "That the filing of the Nolle Prosequi ... and subsequent pay-

ment of the Court costs by the Defendant ... constitutes double jeopardy."

At oral argument before the trial court, the prosecuting attorney pointed out the new charge was filed before the first charge was dismissed, "so there was no plea bargain agreement to dismiss the whole case essentially." Defense counsel acknowledged "there wasn't a plea bargain agreement." Rather, he contended, "It was a demand." However, defense counsel also said: "We protested we didn't owe the costs. Clerk sent us another bill. We paid the costs."

The constitutional guarantee against double jeopardy consists of three separate constitutional prohibitions. They prohibit: (1) second prosecution for the same offense after acquittal; (2) second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–665 (1969); *State v. Thompson*, 610 S.W.2d 629, 634 (Mo.Div. 1 1981).

 A nolle prosequi is a discretionary right of the prosecution to cease prosecution of a charge, and the charge "may be brought again as long as the accused's double jeopardy rights have not attached so as to bar reprosecution." *State v. Lawson*, 630 S.W.2d 185, 189 (Mo.App.E.D.1982). A preliminary hearing does not place an accused in jeopardy. *State v. Thomas*, 529 S.W.2d 379, 382 (Mo.Div. 1 1975). Generally, in a jury trial, jeopardy attaches when the jury is impaneled and sworn, while in a court heard case, jeopardy attaches upon the introduction of evidence. *State v. Stevenson*, 589 S.W.2d 44, 50 (Mo.App.E.D. 1979).

Defendant did not refer the trial court to any case or treatise in support of his double jeopardy claim in either his motion or oral presentation. He did not favor us with a brief. Our research has not disclosed any authority favorable to his position.

Here, the 1988 felony charge was pending at the time the 1986 misdemeanor charge was dismissed. The record does not disclose any agreement existed between the State and defendant concerning the disposition of either charge. Obviously, therefore, the State cannot be said to have breached a non-existent agreement.

Finally, in passing, we observe § 550.040, RSMo 1986, provides that when a defendant is acquitted, "the costs shall be paid by the county in which the indictment was found or information filed...." And, *for purposes of § 550.040*, a nolle prosequi amounts to an acquittal. *State v. Wilbur*, 450 S.W.2d 458, 460 (Mo.App.W.D.1970). Further, there is no statutory authority to assess costs against defendant when there is a nolle prosequi.

The trial court's dismissal order is reversed. The cause is remanded for trial.

PUDLOWSKI, P.J., and KAROHL, J., concur.