**STATE of Missouri, Appellant,**

v.

**Jeffrey G. SHAON, Respondent.**

**No. WD 63667.**

Missouri Court of Appeals,
Western District.

Oct. 5, 2004.

Geoffrey W. Preckshot, Fulton, MO, for appellant.

Thomas M. Dunlap, Fulton, MO, for respondent.

Before HOWARD, P.J., ULRICH and BRECKENRIDGE, JJ.

PATRICIA BRECKENRIDGE, Judge.

This is an interlocutory appeal by the State, under section 547.200.1, RSMo 2000,[1] from an order of the trial court suppressing evidence. The order was entered in the underlying criminal case in which Jeffrey Shaon is charged with the class A misdemeanor of possession of a controlled substance, marijuana, under section 195.202. While executing a search warrant at Mr. Shaon's residence for methamphetamine, methamphetamine paraphernalia, precursor chemicals and/or solvents, law enforcement found marijuana in an Altoids' box[2] in a kitchen cabinet. The trial court suppressed the marijuana because it found that law enforcement exceeded the scope of the search warrant in opening the metal Altoids' box. Because the trial court clearly erred in finding that law enforcement exceeded the scope of the search warrant by looking inside the Altoids' box, the trial court's order suppressing the marijuana found in the container is reversed, and the case is remanded for further proceedings.

---

1. All statutory references are to the Revised Statutes of Missouri 2000.

2. Altoids are a specific brand of mint candy sold in small metal containers.

## Factual and Procedural Background

On April 10, 2003, a search warrant was issued for the dwelling at 6935 County Road 325 in Callaway County, where Mr. Shaon resided. The warrant authorized a search for "[c]ontrolled substances, to wit: methamphetamine, methamphetamine paraphernalia, precursor chemicals and/or solvents." The next day, Trooper Ahern and other officers executed the search warrant. Mr. Shaon, Timothy Walker, John Smith, and Ms. Shaon [3] were present at the time the search warrant was executed. In the course of the search, Trooper Ahern opened a kitchen cabinet, which contained medicine. In the cabinet, he found a pipe and a metal Altoids' box. When Trooper Ahern opened the Altoids' box, he discovered marijuana.

Mr. Shaon was subsequently charged with the class A misdemeanor of possession of a controlled substance, less than 35 grams of marijuana, under section 195.202. Thereafter, Mr. Shaon filed a motion to suppress the marijuana. In the motion, he claimed that the marijuana was seized "contrary to and outside the authority of the search warrant, and without other legal justification."

On December 5, 2003, by agreement of the parties, the trial court held a hearing on the motion to suppress, in combination with the trial of the case. At the hearing, Mr. Shaon argued that the marijuana should be suppressed because the search warrant only authorized a search for methamphetamine and methamphetamine products and did not authorize a search for marijuana. At the close of all the evidence and before hearing final arguments, the trial court recessed the case to allow the parties to prepare legal memoranda on the issue of the admissibility of the marijuana. The case was continued until the afternoon of January 9, 2004, for final argument. The State was allowed seven days to file its legal memorandum on the issue, and Mr. Shaon was allowed seven days thereafter. On December 19, 2003, both parties filed legal memoranda. The trial court noted the filings and then made a docket entry that "same considered & cause submitted for decision 1/9/04. 1:30 P.M." On January 9, 2004, the trial court sustained Mr. Shaon's motion to suppress. In particular, the court found that Trooper Ahern was in excess of his rights granted by the warrant because he had to open a metal box to locate the marijuana. The court then continued the matter "for further order" until 10:30 A.M. on January 16, 2004. On January 13, 2004, the State filed an interlocutory appeal under section 547.200.1(3). As a result of this appeal, the trial court made a docket entry that noted that the case was continued until further order of this court.

## No Double Jeopardy

■ Before reaching the merits of the State's appeal, this court considers Mr. Shaon's motion to dismiss the appeal. In his motion, Mr. Shaon asserts that the State's appeal is not interlocutory but, rather, a post-trial appeal. Consequently, Mr. Shaon claims that the appeal must be dismissed to avoid placing Mr. Shaon in double jeopardy under Section 547.200.2.[4]

3. The record does not include the first name of Ms. Shaon or her relationship to Mr. Shaon.

4. The full text of section 547.200.2 provides that "[t]he state, in any criminal prosecution, shall be allowed an appeal in the cases and under the circumstances mentioned in section 547.210 and in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant."

Section 547.200.2 authorizes the State to file appeals in certain cases, but prohibits any appeal "where the possible outcome of such an appeal would result in double jeopardy for the defendant."

The State filed this appeal under section 547.200.1(3), a different subsection of section 547.200, which allows the State to appeal an order suppressing evidence. Section 547.200.3 provides that such appeals are interlocutory. Mr. Shaon asserts that because the parties agreed to try the admissibility of the marijuana and Mr. Shaon's guilt together, the trial court's ruling on the motion to suppress was "tantamount" to an acquittal or a "judgment for the accused." Thus, he claims that under section 547.200.2, the State's appeal is improper because the outcome of the appeal may place him in double jeopardy. This court disagrees.

■ In a court-tried case, jeopardy attaches when the court begins to hear the evidence. *State v. Jarvis*, 809 S.W.2d 460, 461 (Mo.App.1991). The constitutional protection provided by the double jeopardy clause prohibits "(1) second prosecution for the same offense after acquittal; (2) second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." *Id.* Here, Mr. Shaon equates the trial court's grant of the motion to suppress with an acquittal. He, then, concludes that since jeopardy has attached, the State is prohibited from seeking an appeal under section 547.200.2. Mr. Shaon, however, cites no authority for the proposition that the trial court's grant of the suppression motion is equivalent to an acquittal. More importantly, Mr. Shaon's argument is based on a mischaracterization of the trial court's ruling. In this case, the question of Mr. Shaon's guilt was never determined.

Although a portion of the trial court's order indicated that the cause was submit-ted, the plain and ordinary meaning of the trial court's order, when viewed in its entirety, is that the trial court only ruled on the motion to suppress. *Woodfill v. Shelter Mut. Ins. Co.*, 878 S.W.2d 101, 103 (Mo.App.1994) ("In construing a judgment, a court must examine and consider the language of the judgment in its entirety."). Specifically, the trial court's action on January 9, 2004, was limited to a ruling on Mr. Shaon's motion to suppress. After sustaining the motion to suppress, the trial court did *not* proceed to rule on Mr. Shaon's guilt. Instead, the trial court continued the balance of the trial. In particular, the trial court continued the matter until January 16, 2004, to hear final arguments and "for further order." Under section 547.200.4, the State was permitted to file a notice of appeal from the order suppressing evidence within five days of the entry of the trial court's order. Thus, after ruling on the motion to suppress, the trial court continued the trial for an amount of time that gave the State the opportunity to appeal the ruling on the motion to suppress. The State timely did so. Following the State's notice of appeal, the trial court continued the matter until further order from this court.

From this record, the trial court did not make a determination of Mr. Shaon's guilt. The adjudication of Mr. Shaon's guilt has been stayed pending resolution of the appeal. Therefore, on remand, the first prosecution of his offense will be concluded. Mr. Shaon will not be subject to a second prosecution for the same offense. Consequently, no interest protected by the double jeopardy clause is implicated. *Jarvis*, 809 S.W.2d at 461. The State's appeal is a proper interlocutory appeal. Mr. Shaon's motion to dismiss the appeal is denied, and this court now considers the merits of the State's appeal.

## Standard of Review

A trial court's ruling on a motion to suppress may be reversed only if it is clearly erroneous. *State v. McFall*, 991 S.W.2d 671, 673 (Mo.App.1999). Appellate review is limited to a determination of whether the trial court's ruling is supported by sufficient evidence from the record as a whole. *Id.* In reviewing a trial court's order on a motion to suppress, this court considers all facts and reasonable inferences in the light most favorable to the challenged order. *Id.* The appellate court must defer to the trial court's determination as to the credibility of witnesses. *Id.* This court may not substitute its discretion for that of the trial court when reviewing an order suppressing evidence. *Id.* Nonetheless, this court "must consider the ruling in light of the proper application of the precepts of the Fourth Amendment." *Id.* (quoting *State v. Taylor*, 965 S.W.2d 257, 260 (Mo.App.1998)). The ultimate issue of whether the Fourth Amendment was violated is a question of law which this court reviews de novo. *Id.*

## Evidence Improperly Suppressed

In its sole point on appeal, the State argues that the trial court erred in suppressing the marijuana seized from Mr. Shaon's residence. The State claims that the trial court erroneously suppressed the evidence since the marijuana was located in a place where Trooper Ahern had authority to search. Specifically, the State argues the search was legal because an Altoids' box is a type of container in which methamphetamine could reasonably have been found. In addition, the State asserts that the marijuana was properly seized because, once the Altoids' box was opened to search for methamphetamine, the marijuana was in plain view and immediately apparent as contraband.

The Fourth Amendment to the United States Constitution requires search warrants to "particularly describe the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The scope of a "lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search." *United States v. Ross*, 456 U.S. 798, 820–21, 102 S.Ct. 2157, 2170–71, 72 L.Ed.2d 572 (1982). Moreover, "[w]hen a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, ... must give way to the interest in the prompt and efficient completion of the task at hand." *Id.* at 821, 102 S.Ct. at 2171. " 'A lawful search extends to all areas and containers in which the object of the search may be found.' " *United States v. Schmitz*, 181 F.3d 981, 988 (8th Cir.1999) (citation omitted).

For example, in *State v. Phegley*, this court held that law enforcement was authorized to search a secured footlocker under a valid warrant issued to search for marijuana and other related items, even though the warrant made no reference to the footlocker. 826 S.W.2d 348, 357–58 (Mo.App.1992). This court found that the search warrant authorized law enforcement to search the footlocker because there was probable cause to believe it may have contained evidence for which the search warrant was issued. *Id.* at 357–58. *See also State v. Abbott*, 664 S.W.2d 537, 542 (Mo.App.1983) (officer was properly in defendant's basement under search warrant and was entitled to look in metal box in effort to find items listed in search warrant); *Allen v. State*, 798 N.E.2d 490, 499 (Ind.Ct.App.2003) (law enforcement officers searching for firearms pursuant to a

search warrant were authorized to look inside a cigar box because "a pistol is an object that reasonably might fit inside a cigar box").

In this case, the warrant listed the items that were the object of the search as "[c]ontrolled substances, to-wit: methamphetamine, methamphetamine paraphernalia, precursor chemicals and/or solvents." Thus, the search warrant authorized Trooper Ahern to open and search any container in Mr. Shaon's residence that might reasonably conceal methamphetamine. *Phegley*, 826 S.W.2d at 357–58. Whether Trooper Ahern had previously found methamphetamine in an Altoids' box or whether he had reason to believe that marijuana was in the container before opening the box is not controlling.[5] Under the search warrant, Trooper Ahern was authorized to open and search the kitchen cabinet. He was also authorized by the search warrant to search any containers inside the kitchen cabinet where methamphetamine could reasonably be hidden, such as an Altoids' box, because methamphetamine may be hidden in a small container. Therefore, the search warrant in this case authorized Trooper Ahern to search the Altoids' box found inside the kitchen cabinet.

Furthermore, while the search warrant did not authorize Trooper Ahern to search for marijuana, under "[t]he plain view exception to the Fourth Amendment warrant requirement," an officer is permitted "to seize what clearly is incriminating evidence or contraband when it is discovered in a place where the officer has a right to be." *State v. Kelly*, 119 S.W.3d 587, 592 (Mo.App.2003). The seizure of property in plain view is presumptively reasonable when probable cause exists to associate the property with criminal activity. *Abbott*, 664 S.W.2d at 542 (quoting *Texas v. Brown*, 460 U.S. 730, 741–42, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983)). The incriminating nature of evidence is immediately apparent if "facts available to the officer would 'warrant a [person] of reasonable caution in the belief,' that certain items may be contraband." *Brown*, 460 U.S. at 742, 103 S.Ct. at 1543 (quoting *Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925)).

As discussed above, the search warrant authorized Trooper Ahern to search Mr. Shaon's residence and any containers that might reasonably conceal methamphetamine. Therefore, Trooper Ahern was authorized by the search warrant to search the kitchen cabinet and containers within the cabinet where methamphetamine could be hidden, including the Altoids' box. Once he opened the Altoids' box to look for methamphetamine, the incriminating nature of the marijuana was readily apparent from its appearance and smell. Consequently, even though the warrant did not specifically list marijuana as an object of the search, under the plain view doctrine, the evidence was properly seized and should not have been suppressed.

Accordingly, the trial court clearly erred in finding that Trooper Ahern exceeded the scope of the search warrant when he looked inside the Altoids' box. The trial court's order suppressing the evidence is reversed, and the case is remanded for further proceedings.

All concur.

---

5. In its order suppressing the marijuana, the trial court found that Trooper Ahern had never found methamphetamine in an Altoids' box during his time as a narcotics officer and never in a house.