## COMMONWEALTH *vs.* JULIUS LOVE.

Suffolk. September 4, 2008. - November 4, 2008.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, CORDY, & BOTSFORD, JJ.

*Constitutional Law,* Double jeopardy. *Practice, Criminal,* Motion to suppress, Trial jury-waived, Double jeopardy, Interlocutory appeal. *District Court.*

Discussion of double jeopardy protections under Federal and State law, and the underlying policy considerations. [502-503]

This court concluded that jeopardy attached when testimony relevant to the criminal defendant's jury-waived trial was taken at a hearing in the District Court on the defendant's motion to suppress evidence that the judge, over the objection of the prosecution and in violation of Mass. R. Crim. P. 15 (c), ordered to take place simultaneously with the trial; therefore, a subsequent prosecution of the defendant in the Superior Court on indictments based on the same acts underlying the District Court complaint implicated double jeopardy considerations [504-506]; however, as nothing appeared that precluded the continuation of the trial in the District Court, this court remanded the case for that purpose [508-509].

Discussion of the effect on the right of interlocutory appeal under Mass. R. Crim. P. 15 of a combined proceeding to hear a criminal defendant's motion to suppress evidence simultaneously with a jury-waived trial [506-508], and an admonition against the practice in the District Court of combining hearings on motions to suppress evidence with jury-waived trials [508].

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on February 1, 2007.

The case was reported by *Spina,* J.

*Jane Davidson Montori,* Assistant District Attorney, for the Commonwealth.

*Joseph D. Bernard* for the defendant.

COWIN, J. Over the objection of the Commonwealth and notwithstanding the provisions of Mass. R. Crim. P. 15 (c), as appearing in 422 Mass. 1501 (1996), a District Court judge heard evidence simultaneously for purposes of a motion to suppress hearing and a trial.[1] The judge commented that this type of

---

[1] Rule 15 (c) of the Massachusetts Rules of Criminal Procedure, as appear-

combined hearing is a frequent occurrence in the District Court. Before the District Court proceedings were completed, the defendant was indicted. Concluding that jeopardy had attached in the District Court proceeding, a Superior Court judge dismissed the indictments on double jeopardy grounds. The Commonwealth applied for interlocutory review pursuant to G. L. c. 211, § 3. A single justice of this court stayed the proceedings and reserved and reported two questions to the full court.[2] We determine that it was error for the District Court judge to attempt to hear the motion and conduct the trial simultaneously, and that once trial testimony was introduced in the proceeding, jeopardy attached. Accordingly, the Superior Court judge correctly dismissed the indictments. Nothing appears, however, that precludes a continuation of the District Court case, and we order a remand for that purpose.

*Facts and proceedings.* In January of 2006, a complaint issued against the defendant for possession of a class B substance with intent to distribute, subsequent offense, in violation of G. L. c. 94C, § 32A (*b*), and for possession of drugs with intent to distribute in a school or park zone, in violation of G. L. c. 94C, § 32J. The defendant filed a motion to suppress physical evidence and statements that he made.

The District Court docket reflects that the motion to suppress and a bench trial were conducted simultaneously on May 5, 2006: "Motion to [s]uppress and [b]ench [t]rial combined. Some trial evidence to be introduced during [m]otion to [s]uppress hearing." At the beginning of that proceeding, the defendant's counsel requested that the judge conduct a jury-waiver colloquy. The Commonwealth protested that "Its [*sic*] on for a [m]otion to

ing in 422 Mass. 1501 (1996), requires that "[a]ny motion the determination of which may be appealed pursuant to this rule [which provides for interlocutory appeal of motions to suppress] shall be decided by the judge before the defendant is placed in jeopardy."

[2]The questions reported are:

"1. Does jeopardy attach when testimony is taken at a hearing on a motion to suppress evidence that a judge has ordered, over the objection of the Commonwealth and in violation of Mass. R. Crim. P. 15(c), 378 Mass. 882 (1979) [*sic*], to be heard simultaneously with the trial?

"2. If the answer to question number 1 is in the affirmative, did jeopardy attach on May 5, 2006, in the case of Commonwealth *vs.* Julius Love, District Court Department, Springfield Division, Docket No. 0623CR000072?"

[s]uppress, Your Honor." Defense counsel requested that the proceedings be combined. The prosecutor again objected that the matter was scheduled only for a motion to suppress, and defense counsel stated that he believed the case was marked for motion and trial.

In response to the judge's questions, the prosecutor stated that she was not prepared for trial; she needed witnesses who were not present, one to prove the distance from the park, and an expert witness to establish intent. She said she would also need the drugs.[3] The judge explained that when the defendant waives a jury, the court "often" "handle[s] the [m]otion to [s]uppress and trial in one hearing." At the judge's suggestion, the defendant agreed that the presence of the drugs was not necessary. He also stipulated that the area where he was arrested was sixteen feet from a park.[4]

Despite the prosecutor's objections, the judge stated that he would proceed with the motion to suppress and would also consider any evidence he heard for purposes of trial. Both parties eventually agreed to this procedure and the judge conducted a jury-waiver colloquy with the defendant. He next directed the clerk to "[s]wear in the witnesses for the trial," and the witnesses were sworn as a group.

The prosecutor then asked, "just for my clarification, are we proceeding on the [m]otion to [s]uppress at this point?" The judge explained, "[W]e're going to proceed on both, [m]otion to [s]uppress and the trial and we'll suspend the rest of the trial for some other time. Right now, we'll address the motion today, but anything I hear in this proceeding will be part of the trial."[5]

---

[3] In reviewing the official District Court transcript, we discovered that much material, including this conference, was not contained in the transcript. We therefore obtained a tape of the proceedings. The official transcript contains significant gaps in much of the witnesses' testimony that is clearly audible on the tape. The discussion here, while faint, was also audible. The discussion was documented by the prosecutor, who created typed notes of the proceedings after obtaining the District Court tape. These notes are in the record and are relied on by the Commonwealth in its brief. They are not disputed by the defendant.

[4] The docket reflects the defendant's stipulation regarding the park zone. This docket entry supports the accuracy of the prosecutor's notes in this respect.

[5] In response to the judge's inquiry whether she agreed with this proposal, the prosecutor replied, "I understand. Thank you very much."

The prosecutor pressed her point, requesting that the judge clarify the nature of the proceedings, and the judge stated, "We're going to do the [m]otion to [s]uppress today. . . . We'll do the trial another day. But any evidence I hear in this case will be considered for the trial as well."

The evidentiary proceeding commenced, and the prosecutor called two officers of the Springfield police department, David Askins and Francisco Otero, to testify to the events surrounding the stop and arrest of the defendant.[6] Both parties argued as to the admissibility of certain evidence. On several occasions, the defendant objected on grounds of hearsay, "for the purposes of trial," while agreeing that the testimony was relevant and admissible for purposes of the motion to suppress.[7] Some of the defendant's objections were sustained. Other aspects of the proceedings involved evidence concerning possession, intent, and the weight of the drugs, which would be relevant only at trial. For example, both officers,[8] based on their years of experience in narcotics investigations, testified regarding typical amounts of drugs ingested by users with a heavy drug habit.

Following the testimony of the two police witnesses on May 5, 2006, the matter was continued several times; at least twice the docket marking indicated a "continuation" or "continuance of trial." On June 22, 2006, the defendant was indicted by a grand jury on charges of possession of cocaine with intent to distribute, subsequent offense, in violation of G. L. c. 94C, § 32A (*d*), and

---

[6]Much of Askins's testimony is not included in the official transcript. The transcript states that the tape of the proceedings was "blank for a few seconds," although more than twenty minutes of direct testimony and the entire cross-examination were omitted. Despite this statement in the transcription of this officer's testimony, his entire testimony was audible on the copy of the tape provided to us. In addition, most of Otero's testimony on redirect examination is missing from the official transcript, yet the transcript does not indicate that anything is missing. A separate page following the certification of the transcript indicates that the tape "ended abruptly"; the tape we received did not. Other portions of Otero's testimony, marked "inaudible" on the transcript, were clearly audible on the copy of the tape provided to us.

[7]At one point during Askins's testimony, the judge interrupted him, asking, "Excuse me, for the purposes of trial . . . "; the remainder of the judge's question was inaudible on the tape.

[8]Parts of one officer's testimony on this point are included in the transcript. The other officer's testimony on this issue is audible on the tape but is missing from the transcript.

of doing so within 1,000 feet of a school or park, in violation of G. L. c. 94C, § 32J, based on the same acts underlying the District Court complaint.

After the defendant was arraigned in the Superior Court, he moved to stay the Superior Court proceedings or to continue the case until a determination was made by the District Court judge whether jeopardy had attached in the District Court. The defendant then filed a motion in the District Court for findings of fact and rulings of law on whether a trial had begun on May 5, 2006. The District Court judge found that a trial had started on May 5, 2006; that he had taken evidence for trial; and that he had retained personal jurisdiction of the case.[9] Based on the District Court judge's findings, a Superior Court judge allowed the defendant's motion to dismiss on grounds of double jeopardy. Noting that the status of the case in the District Court was "uncertain," the Superior Court judge reserved for later determination, dependent on future proceedings in the District Court, whether the dismissal was with or without prejudice.

After various proceedings which we need not detail, the District Court judge set a trial date of February 5, 2007, and denied the Commonwealth's motions for a stay and to continue the proceedings. As stated, the Commonwealth sought relief from a single justice of this court pursuant to G. L. c. 211, § 3.

*Discussion.* 1. *Attachment of jeopardy.* The double jeopardy clause of the Fifth Amendment to the United States Constitution, and protections recognized in Massachusetts statutory and common law, prevent a criminal defendant from being tried more than once for the same offense. See *Commonwealth* v. *Woods*, 414 Mass. 343, 346, cert. denied, 510 U.S. 815 (1993). The double jeopardy clause protects against "a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." *Commonwealth* v. *Constantino*, 443 Mass. 521, 523 (2005), quoting *Mahoney* v. *Commonwealth*, 415 Mass. 278, 283 (1993). See *Commonwealth* v. *Woods, supra* at 346 n.4. "The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with

---

[9]The record does not reveal the basis for the judge's retention of personal jurisdiction.

all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Serfass* v. *United States*, 420 U.S. 377, 387-388 (1977), quoting *Green* v. *United States*, 355 U.S. 184, 187-188 (1957). See *Commonwealth* v. *Gonzalez*, 437 Mass. 276, 281 (2002), cert. denied, 538 U.S. 962 (2003).

The policy considerations underlying the prohibition against double jeopardy balance these rights of the defendant with the public's interest in ensuring that criminal laws are enforced and prosecuting those accused of crimes in one "full and fair" trial. See *Arizona* v. *Washington*, 434 U.S. 497, 503-505 (1978); *Commonwealth* v. *King*, 400 Mass. 283, 290 (1987). While the prosecutor "has a right to try his or her case without interference, subject to well known limits," *Commonwealth* v. *Lowder*, 432 Mass. 92, 102 (2000), the Commonwealth must not use its power and resources in repeated trials, while it benefits from the knowledge gained in the initial proceeding about any potential weaknesses in its case. See *United States* v. *DiFrancesco*, 449 U.S. 117, 128-129 (1980); *Glawson* v. *Commonwealth*, 445 Mass. 1019, 1020-1021 (2005), and cases cited.

The " 'constitutional policies underpinning the Fifth Amendment's guarantee' [against double jeopardy] are not implicated before that point in the proceedings at which 'jeopardy attaches.' " *Serfass* v. *United States, supra* at 390-391, quoting *United States* v. *Jorn*, 400 U.S. 470, 480 (1971). The United States Supreme Court has consistently held that jeopardy does not attach until the defendant is "put to trial before the trier of the facts, whether the trier be a jury or a judge." *United States* v. *Jorn, supra* at 479. It is well established that jeopardy attaches in a jury trial when the jury is sworn, and in a jury-waived trial when a judge begins to hear evidence. *Commonwealth* v. *Gonzalez, supra* at 281, quoting *Commonwealth* v. *Ludwig*, 370 Mass. 31, 33 (1976). Once jeopardy has attached, a defendant may not be retried unless the trial was terminated for reasons of "manifest necessity." See *Sullivan* v. *Commonwealth*, 383 Mass. 410, 412-413 (1981); *Commonwealth* v. *Clemmons*, 370 Mass. 288, 292-293 (1976).

Since, where a court has jurisdiction to hear a case, jeopardy attaches in a jury-waived trial when the judge begins to hear evidence, we first consider whether the District Court had jurisdiction here. If the District Court had no jurisdiction, then any trial would have been a nullity, and jeopardy could not have attached. See *Commonwealth* v. *Norman*, 27 Mass. App. Ct. 82, 88-91, *S.C.*, 406 Mass. 1001 (1989). The District Court clearly had jurisdiction over the G. L. c. 94C, § 32J, charge of possession of controlled substances in a school or park zone. See G. L. c. 218, § 26. In the circumstances here, however, there could be some question whether the District Court had jurisdiction over the G. L. c. 94C, § 32A (*b*) charge, possession of a Class B substance with intent to distribute, subsequent offense. As a notation on the face of the complaint indicated, there was no final jurisdiction in the District Court over the § 32A (*b*) subsequent offense charge. See G. L. c. 218, § 26.

Based on the parties' assertions that the complaint was amended to remove the subsequent offender claim and render the complaint one for violation of G. L. c. 94C, § 32A (*a*), possession of a Class B controlled substance with intent to distribute, an offense over which the District Court does have jurisdiction, we assume that the District Court did have jurisdiction over this case. See G. L. c. 218, § 26. Although the docket sheet and other motions in the record, as late as September of 2006, do not reflect such an amendment, both parties have proceeded on that assumption.

Here, the District Court judge ruled that jeopardy had attached. His determination is supported by our own review of the record. The judge heard testimony for purposes of trial from two witnesses, and it is apparent that a trial had commenced. This conclusion is buttressed by the behavior of all concerned, including the judge and counsel, that was consistent with the conduct of a trial. The judge held a jury-waiver colloquy and accepted the defendant's waiver of a jury trial; witnesses were sworn for trial; and the defendant stipulated to certain elements essential to the Commonwealth's case. Furthermore, the Commonwealth introduced testimony on the issue of intent, an issue relevant only at trial. If all the Commonwealth's witnesses had been present, the defendant faced conviction on that day. See *Commonwealth* v. *Gonzalez*, *supra* at 282, quoting *Serfass* v. *United States*, *supra* at 391-392.

The Commonwealth's filings indicate that it was aware that a trial took place. Its May 8, 2006, motion to continue states that, at a sidebar conference on May 5, 2006, the judge ordered "that the [m]otion and [t]rial begin immediately and simultaneously." Compare *Commonwealth* v. *Gonzalez, supra* at 281-285 (jeopardy did not attach in sham proceeding where defendant was not at risk of conviction, despite judge's statement that proceeding constituted trial).

The Commonwealth argues that jeopardy did not attach here because Mass. R. Crim. P. 15 (c) deprives the court of jurisdiction to start the trial prior to having ruled on any motions subject to appeal. Therefore, claims the Commonwealth, the defendant was not at risk of conviction. However, had all of the Commonwealth's witnesses been present on May 5, 2006, the defendant would indeed have faced the risk of conviction.

The Commonwealth maintains that it only presented evidence relevant to the suppression hearing, and that any trial evidence was merely "incidental[] overlap[]." This assertion is incorrect. Evidence regarding intent, such as the amount of cocaine typically ingested by heavy drug users, was introduced by the Commonwealth. The Commonwealth argues also that jeopardy did not attach because the prosecutor was prepared to proceed only with the suppression hearing, and was "surprised" by the judge's decision to conduct the two procedures simultaneously. These factors have no bearing on the question; jeopardy is not a function of the prosecutor's state of mind. The Commonwealth contends further that, because the defendant proposed the course of action taken here, he should not benefit. However, once jeopardy has attached, what created the circumstances is irrelevant. See *Fong Foo* v. *United States*, 369 U.S. 141, 142-143 (1962); *Commonwealth* v. *Super*, 431 Mass. 492, 496-500 (2000). Moreover, although the defendant initially suggested that the proceedings be combined, the judge explained that a combined proceeding is frequently conducted in the District Court and urged the prosecutor to agree to such a proceeding; there is no indication that the defendant caused the error.

The Commonwealth suggests that allowing "a subsequent trial on the merits" in Superior Court in circumstances such as existed here "strikes the proper balance" between the protections guar-

anteed by the double jeopardy clause and the public's right to prosecute criminal offenders.[10] Nothing in the conclusion we reach today deprives the Commonwealth of its opportunity to conduct one "full and fair" trial.

The defendant in this case is not seeking to avoid trial, but rather to have his trial completed before the same trier of fact where it began. See *Arizona* v. *Washington*, 434 U.S. 497, 503 (1978); *Sullivan* v. *Commonwealth*, 383 Mass. 410, 413 (1981), quoting *Thames* v. *Justices of the Superior Court*, 383 F. Supp. 41, 44 (D. Mass. 1974). Contrast *Donavan* v. *Commonwealth*, 426 Mass. 13, 14-16 (1997). Allowing the trial to continue in the District Court does not impede the Commonwealth's strong interest in obtaining a fair trial. Furthermore, had the Commonwealth wished to proceed in the Superior Court, it could have moved to dismiss the District Court case at the beginning of the May 5, 2006, proceeding on the ground of a planned indictment and arraignment in the Superior Court. See *Commonwealth* v. *Rabb*, 431 Mass. 123, 129 n.5 (2000). In the procedural posture now before us, however, the Commonwealth's desire to try the defendant in the Superior Court implicates double jeopardy considerations. See *Commonwealth* v. *Norman*, 27 Mass. App. Ct. 82, 87-91 (1989).

2. *Effect of combined proceeding on right of interlocutory appeal under Mass. R. Crim. P. 15.* Like the double jeopardy clause, the right to interlocutory appeal provided in Mass. R. Crim. P. 15, as appearing in 422 Mass. 1501 (1996), protects both the interests of the Commonwealth and those of the defendant. Under Mass. R. Crim. P. 15 (a) (1), the Commonwealth may appeal a decision granting a motion to dismiss a complaint or indictment.[11] Both the Commonwealth and the defendant have the right to appeal an order on a motion to suppress evidence

---

[10]Cases in other jurisdictions cited by the Commonwealth, such as *State* v. *Shaon*, 145 S.W.3d 499, 502-503 (Mo. Ct. App. 2004) (defendant argued unsuccessfully that allowing State's interlocutory appeal of allowance of defendant's motion to suppress, at close of all evidence and while trial was continued, was violation of double jeopardy), are distinguishable on their facts.

[11]Rule 15 (a) (1) of the Massachusetts Rules of Criminal Procedure, as appearing in 422 Mass. 1501 (1996), provides: "The Commonwealth shall have the right to appeal to the appropriate appellate court a decision by a judge granting a motion to dismiss a complaint or indictment or a motion for ap-

entered prior to trial. See Mass. R. Crim. P. 15 (a) (2).[12] In addition, Mass. R. Crim. P. 15 (c) requires that "[a]ny motion the determination of which may be appealed pursuant to this rule shall be decided by the judge before the defendant is placed in jeopardy." The rule provides that the Commonwealth has thirty days after the entry of an order of dismissal to file a notice of appeal, and that either party has ten days after entry of the order of suppression in which to apply for leave to prosecute an interlocutory appeal. See Mass. R. Crim. P. 15 (b) (1).

Litigants must be offered the opportunity to seek interlocutory review as provided in Mass. R. Crim. P. 15. Interlocutory review is the only point at which a defendant may seek review of an erroneous suppression ruling that otherwise would subject him or her to the hazards and expense of a trial. Likewise, combining the suppression and trial proceedings may deny the Commonwealth any opportunity for interlocutory review of an adverse motion decision that could lead to an unjustified acquittal without recourse. See *Commonwealth* v. *Boswell*, 374 Mass. 263, 267 (1978). Combination of the two proceedings may also impair either party's trial strategy. Counsel cannot make the best tactical decisions when there is uncertainty about the evidence that eventually will be admissible at trial.

Additionally, a hearing on a motion to suppress and a trial serve different purposes and impose different burdens of proof on the Commonwealth. At a motion hearing, the Commonwealth's burden is less than that at trial. At a motion hearing, the Commonwealth need not establish each element of the offense charged beyond a reasonable doubt. See *Commonwealth* v. *Santiago*, 410 Mass. 737, 744 (1991). See also *Commonwealth* v. *DePeiza*, 449 Mass. 367, 369 (2007). The evidentiary rules for the two types of proceedings also differ significantly; some hearsay is admissible at a hearing on a motion to suppress, *Commonwealth* v. *Edwards*, 444 Mass. 526, 545 (2005), whereas at trial it is inadmissible un-

propriate relief made pursuant to the provisions of subdivision (c) of Rule 13."

[12]Rule 15 (a) (2) of the Massachusetts Rules of Criminal Procedure, as appearing in 422 Mass. 1501 (1996), provides: "A defendant or the Commonwealth shall have the right and opportunity to apply to a single justice of the Supreme Judicial Court for leave to appeal an order determining a motion to suppress evidence prior to trial. . . ."

less a specific exception can be established. See *Commonwealth v. Rice*, 441 Mass. 291, 305 (2004). Combining a motion to suppress with a trial generates confusion by requiring the judge and the parties to juggle the different rules and the differing burdens of proof.

3. *Proceedings on motions to suppress.* As stated, in the instant case, the judge explained that combining a suppression hearing with a trial is common practice in the District Court. We are fully cognizant of the heavy burden on the District Court, the huge caseload, and the need to process cases expeditiously. Nevertheless, in the interests of both the Commonwealth and the defendant, these proceedings must be separated.

This case demonstrates the confusion that results from combining a suppression hearing and a trial. The record is replete with continuing discussions about which portion of the proceeding was included in a party's objection. The repeated statements limiting the objections for purposes of the trial or the motion illustrate the enormous difficulty, indeed the practical impossibility, of separately considering each piece of evidence only for its appropriate purpose. The ability to apply the proper burden of proof is similarly compromised.

We emphasize, as has been suggested previously, that a motion to suppress and a trial must not be combined. See *Commonwealth v. Gonzalez*, 437 Mass. 276, 280-281 n.2 (2002); *Commonwealth v. Powell*, 72 Mass. App. Ct. 22, 28-29 (2008) (criticizing practice of combining motion to suppress with trial). For the convenience of witnesses and parties, the suppression hearing and the trial may be held on the same day, but there must be two distinct and separate proceedings, with a decision rendered on the motion before the trial begins.[13] A trial may take place before expiration of the ten-day period permitted for interlocutory review only if both parties have waived their rights to seek such review on the record.

*Conclusion.* The case is remanded to the Supreme Judicial Court for Suffolk County for entry of an appropriate order by

[13]It is appropriate to rule on such motions from the bench and indicate that written findings and rulings will follow.

the single justice vacating the stay in the District Court and remanding the case for completion of the trial.

*So ordered.*