STATE of Missouri, Appellant,

v.

Patrick D. CONNELL, Respondent.

No. WD 72643.

Missouri Court of Appeals,
Western District.

Dec. 14, 2010.

Mark A. Richardson, Prosecuting Attorney for Cole County, Missouri, Goldie L. Tompkins, Assistant Prosecuting Attorney, Jefferson City, MO, Attorneys for Appellant.

Margaret M. Johnston, Assistant State Public Defender, Columbia, MO, Attorney for Respondent.

Before Division II: MARK D. PFEIFFER, Presiding Judge, and JAMES EDWARD WELSH and KAREN KING MITCHELL, Judges.

MARK D. PFEIFFER, Presiding Judge.

The State appeals from a "judgment" granting a "suppression of evidence" by the Circuit Court of Cole County ("trial court"). Because we conclude that the trial court's "judgment" was a "judgment of acquittal" and not an "interlocutory suppression order," we lack authority to hear the State's "interlocutory" appeal and the same is dismissed.

## Summary of Facts and Procedural History

On December 3, 2008, Patrick Connell ("Connell") was pulled over by Officers Marsey and Flessa on the suspicion that there was an existing warrant for Connell and for a lane-change violation. Connell was handcuffed and placed in the back of Officer Flessa's patrol car so that Flessa could ascertain Connell's warrant status. While Officer Flessa checked Connell's warrant status, Officer Marsey, a K–9 officer, walked the exterior of Connell's truck with his canine. The dog alerted on Connell's door and Officer Marsey, after opening the door, discovered a marijuana cigarette in a pack of cigarettes on the driver's seat. A further search of the interior of the truck revealed a plastic bag of marijuana hidden in the fuse box. Connell was arrested and subsequently charged with the class A misdemeanor of possession of a controlled substance.

On June 11, 2009, Connell filed a motion to suppress evidence in which he argued that, in light of the United States Supreme Court decision in *Arizona v. Gant*, —— U.S. ——, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), Officer Marsey's search of his vehicle was a violation of his Fourth Amendment rights. After a hearing on August 28, 2009, Judge Thomas Sodergren overruled the motion. Subsequent to his ruling on the motion to suppress, Judge Sodergren recused himself, and the case was transferred to Judge Patricia Joyce. Connell re-filed his motion to suppress evidence on January 27, 2010. Judge Joyce overruled the renewed motion to suppress on March 3, 2010.

On April 15, 2010, a bench trial was held. Without objection, the State presented the testimony of Officers Flessa and Marsey and introduced the marijuana obtained from the search of Connell's truck (i.e. the evidence was *not* suppressed). Connell presented no evidence in his defense. After the State's closing argument, Connell's trial counsel argued that the State had not met its burden of proof because the only evidence tying Connell to the charged crime was "the fruit of an illegal search." *After* closing arguments, the trial court requested and received additional legal suggestions regarding the legality of the search that resulted in the discovery of marijuana in Connell's truck. Thereafter, on June 18, 2010, the trial court signed a document with its summary of facts and law relating to the search; additionally, the document that was signed by the trial court stated: "Judgement [sic]—Defendant's Motion to Suppress Evidence [1] is sustained." On June 22, 2010, the State filed this "interlocutory" appeal, contesting the trial court's "suppression order."

## Double Jeopardy and Appellate Jurisdiction

■ Connell argues that the trial court's judgment was not an interlocutory order but, instead, a judgment of acquittal. As a result, Connell argues that the State's appeal is not interlocutory but, instead, a post-trial appeal. Consequently, Connell moves to dismiss the State's appeal on the basis that the State's right to appeal ends where Connell's right to be free from double jeopardy begins. § 547.200.2.[2] We agree.

■ In Missouri " '[t]he right to appeal is purely statutory and, where a stat-

---

1. This is nonsensical. To suppress evidence is to prevent its admission into evidence at trial. To the contrary, in this case, the evidence in question was admitted at trial without objection.

2. Unless otherwise indicated, statutory references are to RSMo 2000, as updated through the 2009 Cumulative Supplement.

ute does not give a right to appeal, no right exists.'" *State ex rel. Coca–Cola Co. v. Nixon,* 249 S.W.3d 855, 859 (Mo. banc 2008) (quoting *Riverside–Quindaro Bend Levee Dist. v. Intercont'l Eng'g Mfg.,* 121 S.W.3d 531, 532 (Mo. banc 2003)). While section 547.200.1(3) provides the State the right of interlocutory appeal from any order or judgment having the substantive effect of suppressing evidence, the State's right to appeal terminates when "the possible outcome of such an appeal would result in double jeopardy for the defendant." § 547.200.2. In a bench-tried case, jeopardy attaches once evidence has been presented. *State v. Shaon,* 145 S.W.3d 499, 503 (Mo.App. W.D.2004). Double jeopardy prevents (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after a conviction; and (3) punishing the defendant multiple times for the same offense. *Id.*

■ In evaluating the trial court's judgment for double jeopardy implications, we do not rely upon the trial court's characterization of its action but "must examine and consider the language of the judgment in its entirety." *Id.* (quoting *Woodfill v. Shelter Mut. Ins. Co.,* 878 S.W.2d 101, 103 (Mo.App. S.D.1994)). Both parties rely upon *Shaon.* In *Shaon,* by agreement of the parties, a hearing on Shaon's motion to suppress evidence was argued *in combination with* Shaon's trial for misdemeanor marijuana possession. *Id.* at 502. At the close of all the evidence, but *before* closing arguments, the trial court recessed the case to rule on the motion to suppress. *Id.* at 503. The trial court granted the motion and the State appealed. *Id.* On appeal, Shaon argued that the trial court's order granting the motion to suppress functioned as an acquittal. *Id.* In rejecting Shaon's argument, we examined the procedural context of the grant of the motion to suppress to conclude that the trial court's order was not tantamount to an acquittal because the trial court continued the trial *after* ruling on the motion to suppress for a sufficient amount of time to enable the State an opportunity to appeal the trial court's evidentiary suppression ruling; and, once the State filed its interlocutory appeal, the trial court expressly continued the trial until further order from the court of appeals. *Id.* at 502–03.

Although there are obvious similarities between the procedural history in *Shaon* and the instant case, we find significant and controlling differences between the two cases. In *Shaon,* both parties had agreed to submit argument on the motion to suppress *in combination with* the trial. Consequently, after the evidence was submitted, the trial court considered the separate issue of evidentiary suppression *before* continuing with the guilt phase of the trial. In the instant case, the motion to suppress had previously been overruled on multiple occasions by the trial court *prior* to the trial. Connell did not renew his motion when the marijuana evidence was admitted and did not even object to the introduction of the evidence during the trial. Instead, in Connell's closing argument, Connell's trial counsel argued that the only evidence tying Connell to a crime was evidence obtained in an illegal search. Connell's trial counsel essentially intertwined the validity of the search with the question of Connell's culpability: If the search was valid, Connell was guilty; if the search was invalid, the State could not meet its burden of proof and Connell must be acquitted.

While it is possible that the defendant in *Shaon* made a similar argument, it is the timing of Connell's argument that distinguishes the procedural history of this case from *Shaon.* In *Shaon,* the trial court recessed the case to consider the motion to suppress *after* hearing all the evidence but *before* final arguments of counsel, clearly separating the issue of the motion to sup-

press from the determination of Shaon's guilt. In contrast, in the instant case, the entire trial—including final arguments—had concluded and the case had been submitted to the trial court. In *Shaon*, in recognition of the agreement of counsel to jointly submit both the evidentiary suppression issue and the trial of the defendant at the same time, the trial court postponed the trial to first rule on the motion to suppress. Here, the trial court was not asked to postpone anything and the trial court did not do so. In *Shaon*, the trial court purposefully indicated that the trial was continued until an appellate court could review the trial court's ruling on the motion to suppress. Here, there is no such docket entry—only a judgment *after* the trial court had heard all of the evidence and closing arguments of counsel.

Consequently, the practical effect of the trial court's judgment is that the trial court, after hearing all of the evidence and argument of the parties, had concluded—as a matter of law—that the State could not meet its burden of proving the crime charged and Connell was, thus, acquitted. More importantly, we conclude that, in light of the trial court's actions, jeopardy has attached, and this court does not have the authority to review the State's "interlocutory" appeal.[3] § 547.200.2. Accordingly, the State's appeal is dismissed.[4]

JAMES EDWARD WELSH, Judge, and KAREN KING MITCHELL, Judge, concur.

---

3. *See State v. Seuferling*, 238 S.W.3d 217, 223 (Mo.App. W.D.2007) ("[W]hen a trial court enters a final judgment of acquittal, the State is barred from appealing either the judgment itself or any of the courts [sic] actions leading to that judgment, no matter how erroneous those actions may have been.") (relying on *Sanabria v. United States*, 437 U.S. 54, 64, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978)) ("[W]hen a defendant has been acquitted at trial he may not be retried on the same offense, even if the legal rulings underlying the acquittal were erroneous.") (citing *State v. Vaida*, 1 Neb.App. 768, 510 N.W.2d 389, 392 (1993)) (" '[S]uppressing the contested statement after submission of all the evidence, denies the State its statutory right to appeal,' but ..., nevertheless, ... a second trial was barred by the double jeopardy clause....").

4. In so ruling, it has not escaped our attention that the trial court had not one, but two, opportunities to rule upon the motion to suppress *before* the presentation of evidence. Based upon the record before us, the facts do not appear to have changed since the trial court's previous rulings on the motion to suppress. Nonetheless, by waiting until *after* the presentation of evidence and *after* final arguments of counsel to reverse its conclusions as to the legality of the search in question, the trial court has effectively prevented appellate review of its conclusion regarding the legality of the search. We presume that the trial court is aware that evidentiary suppression via motion should be ruled upon *before*, not *after*, evidence has been *admitted* at trial. We presume the trial court, instead, simply recognized that this was a bench-tried case in which the trial court permitted all evidence to come in and ultimately concluded that the State had not met its factual and/or legal burden of proof to convict Connell and, hence, its "judgment" in favor of Connell.