

# In the Missouri Court of Appeals

# Eastern District

## DIVISION FIVE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | ED101191 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of Saint Louis |
| v. | ) | 1322-CR01421-01 |
| | ) | |
| JOHN TORREZ SPENCER, JR., | ) | Honorable Mark H. Neill |
| | ) | |
| Respondent. | ) | Filed: August 19, 2014 |

## INTRODUCTION

The State of Missouri (State) takes an interlocutory appeal from the trial court's granting of defendant John Torrez Spencer, Jr.'s (Defendant) motion to suppress evidence. Due to the fact that the trial court in a bench trial had taken evidence and had concluded the trial, this Court is required to dismiss the State's appeal on the grounds of double jeopardy.

## FACTS

In summary, police officers of St. Louis Metropolitan Police Department ("Officers") responded to a domestic violence call, where they observed a woman standing outside a locked apartment. The woman (Victim) alleged that she was the girlfriend of the Defendant who had struck her. Victim claimed that she lived in the apartment, but did not have a key and the

Defendant had locked her out. The Officers ran a computer check on the Defendant which revealed that he was currently wanted, but the Officers did not run any checks to determine if the Victim lived in the apartment. The Officers who were standing in the street allowed the Victim to kick in the apartment's door and the Officers arrested the Defendant when he came out. The Officers searched the Defendant, revealing the presence of valium and marijuana. The State charged the Defendant with felony possession of diazepam (valium) and misdemeanor possession of marijuana.

The Defendant waived his right to a jury trial. The trial court took the Defendant's motion to suppress evidence with the bench trial. The State and Defendant made opening statements, and the State then presented two Officers who testified and were also cross-examined by Defendant. At the close of the State's evidence, Defendant moved for acquittal at the close of the State's case and asserted his motion to suppress the evidence. After the parties argued their respective positions, the trial judge stated, "Very Well. I'm going to grant the motion to suppress the evidence, and that will conclude this matter....Court is in recess." The State filed an interlocutory appeal of the trial court's ruling to suppress the evidence.

## DISCUSSION

The State has the statutory right under Section 547.200.1(1) and (2) of the Missouri Revised Statutes to an interlocutory appeal of the grant of a motion to suppress evidence, but the State cannot appeal under this section if "such an appeal would result in double jeopardy for the defendant." Section 547.200.2, RSMo. (2000). Double jeopardy applies in bench-tried cases after the State presents evidence. State v. Connell, 326 S.W.3d 865, 867 (Mo. App. W.D. 2010) (citing State v. Shaon, 145 S.W.3d 499, 503 (Mo. App. W.D. 2004)); 19 Mo.Prac., Criminal

2

Practice & Procedure Sec. 29:2 (3rd ed.). Double jeopardy prevents a second prosecution for the same offense after acquittal. Id.

There are essentially two pertinent Missouri cases that address the issue of whether double jeopardy applies here: Connell and Shaon. The State cites only to these two cases in its brief, and relies upon Shaon and distinguishes Connell, while the Defendant does the opposite. In Shaon, the trial court took a motion to suppress evidence with the trial. On January 9, 2004, the trial court granted the defendant's motion to suppress evidence at the close of all evidence, but before closing argument. Shaon, S.W.3d at 503. The trial court never proceeded to rule on and did not in fact make a determination of Shaon's guilt. Id. Instead, the trial court expressly continued the trial until January 16, 2004 to hear final arguments, which gave the State the opportunity to timely file an interlocutory appeal from the motion to suppress. Id. The Western District held that double jeopardy had not attached. Id.

In contrast, the trial court in Connell had previously denied a motion to suppress evidence prior to trial. Connell, 326 S.W.3d at 867. At the bench trial on April 15, 2010, Connell neither renewed his motion to suppress, nor objected to the admission of the evidence. Id. Connell argued in closing that the State had not met its burden of proof, since the evidence was the "the fruit of an illegal search." Id. at 866. "**After** closing arguments, the trial court requested and received additional legal suggestions regarding the legality of the search." Id. (emphasis in the original). On June 18, 2010, the trial court sustained the motion to suppress: "Judgement [sic]-Defendant's Motion to Suppress is sustained." Id. The State filed an interlocutory appeal.

The Western District distinguished Connell from Shaon, on the grounds that the trial court in Shaon had clearly separated "the issue of the motion to suppress from the determination

3

of Shaon's guilt." Connell, 326 S.W.3d at 867-8. The trial court in Shaon purposely indicated that the trial was to be continued until appellate review. In Connell, there was no such separation or continuance, and the trial court after hearing all the evidence and closing arguments as a practical matter determined that the State could not meet its burden after suppressing the evidence and acquitted Connell.

While our present facts do not fit perfectly into either the Shaon or Connell paradigm, our facts are clearly closer to those in Connell. Here, the State presented its entire case: the testimony of two Officers. The trial court suppressed the evidence and did not continue the case, stating from the bench that this will conclude the matter and that court is now in recess. The trial court neither entered a not-guilty verdict in the normal legal vernacular, nor did the trial court enter an order labeled a judgment.[1]

But our Court must look at the practical effect of the actions, the language used and the order entered by the trial court, together with double jeopardy black letter law. We find from the trial court's actions and the actual statement of the trial court that the trial was "concluded." The trial court recessed and the trial was not continued; the trial was over. Further, the practical effect of the trial court's actions, statements, and order is that the defendant was acquitted after the suppression of the evidence: the trial court intertwined the defendant's guilt with the motion to suppress evidence. Double jeopardy applies as the State presented evidence, thus giving due deference to double jeopardy in bench trials.

While the trial court in Shaon gave the State the opportunity to file an interlocutory appeal, the trial court here made no such effort. While the State has a statutory right to

---

[1] The trial court's corrected court order entered March 11, 2014 read: "Cause called, parties appear & announce ready for trial. Deft. waives right to jury, Defendant's motion to suppress evidence is taken with the case. State presents evidence by way of testimony of arresting police officers, defendant renews his motion at close of State's case. Motion to suppress evidence is granted."

4

interlocutory appeal, this is not an unfettered right and is trumped by the constitutional mandate of double jeopardy. State v. Seuferling, 238 S.W.3d 217, 221-224 (Mo. App. W.D. 2007) (trial court in bench trial entered order of acquittal simultaneously with its motion to grant suppression of evidence, thus "effectively den[ying] the State its statutory right to appeal."). While taking motions to suppress evidence with a bench trial may serve judicial economy, it is not good practice.

## CONCLUSION

This appeal is dismissed.

_____
Gary M. Gaertner, Jr., Judge

Robert M. Clayton III, P. J., concurs.
Gary A. Kamp, S. J., concurs.