**STATE of Missouri, Respondent,**

v.

**Leslie WHITLOCK, Appellant.**

**No. 40987.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 18, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 19, 1980.

Application to Transfer Denied
June 10, 1980.

Robert C. Babione, Public Defender, Richard J. Burke, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City,

**522**

George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Leslie Whitlock guilty of feloniously shooting Charles Plummer (§ 559.180 RSMo. 1969). In accordance with the verdict the court sentenced defendant to five years imprisonment, and he has appealed.

Defendant does not challenge the sufficiency of the state's evidence. Victim Charles Plummer testified he and defendant had an altercation concerning Plummer's sister. The next day as Plummer temporarily left his high school classroom the defendant and two others were standing outside; when he returned defendant pulled out a gun and shot him. He recovered from the critical wounds. The defense was alibi, obviously disbelieved by the jury.

Defendant has briefed two points: error in allowing testimony the victim feared he would not be protected if he testified, and error in closing argument. These in turn.

On cross-examination defense counsel had asked Plummer if he had to be brought into court by a subpoena, and Plummer said he had. Defendant's first point relied on is that upon re-direct examination the court erred in denying a mistrial by allowing Plummer to testify he "feared he would not be protected if he came to testify". Before this re-direct examination the state's counsel had proffered to show Plummer had told him he was "afraid to come down". The proposed question was asked and Plummer answered equivocally: "Because I don't think they would give me any protection." Counsel agreed the word "they" referred to the state.

The court denied defendant's motion for a mistrial but because the answer had not conformed exactly to the proffer the court instructed the jury to disregard the challenged answer. We believe this was adequate. Denying a mistrial is discretionary and here we find no abuse. Compare *State v. Remspecher*, 542 S.W.2d 24 [3–4] (Mo. App.1976).

Defendant's second point relied on is: "The trial court erred in overruling defendant's objection to the Assistant Circuit Attorney's repeated use of inflammatory and prejudicial statements during closing argument." The point is a bold conclusion and fails to comply with Rule 84.04(d) V.A. M.R. by stating wherein and why the challenged ruling were erroneous. It has preserved nothing for review. *State v. Gomillia*, 529 S.W.2d 892 [1–4] (Mo.App.1975). On our own motion we have reviewed the point as gleaned from the argument portion of defendant's brief.

In closing argument state's counsel had likened defendant's assault upon Plummer as "the mark of an animal". After defense counsel had argued "Why not call him an animal?" the prosecutor responded: "Anybody who takes a .38 caliber gun and shoots for fifteen to twenty feet, I don't know what else to call" [sic]. Also in closing argument the prosecutor made several references to violence to children in the schools and the jury's "opportunity to do something about it". We accept *State v. Heinrich*, 492 S.W.2d 109 [9] (Mo.App.1973) as authority for holding that in closing argument a prosecutor may properly argue for law enforcement as a deterrent to crime and the result of a jury failing to do its duty.

Considering the wide latitude allowed in jury argument and the trial court's discretion in determining that latitude we find no reversible error. Compare *State v. Nichelson*, 546 S.W.2d 539 [9–10] (Mo.App.1977).

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.