STATE of Missouri,
Plaintiff-Respondent,

v.

Sammy Lee DENNIS, a/k/a Sammy Lee
Watson, Defendant-Appellant.

No. 12018.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 9, 1981.

Motion for Rehearing and Transfer to
Supreme Court Denied Sept. 28, 1981.

Application to Transfer Denied
Nov. 10, 1981.

John D. Ashcroft, Atty. Gen., Steven H. Akre, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

J. Dan Conklin, Springfield, for defendant-appellant.

PREWITT, Presiding Judge.

Defendant was convicted of forgery and sentenced to six years imprisonment. He presents four points for our review, which we consider in the order raised.

Defendant contends that there was insufficient evidence to convict him of the charge because there was no evidence that he "knew that the writing had been made so that it purported to have been made by another." In determining if the evidence is sufficient to support the charge, the evidence and all reasonable inferences are considered in the light most favorable to the state and all evidence and inferences to the contrary are disregarded. *State v. Powers*, 613 S.W.2d 955, 956 (Mo.App.1981). Any fact may be established by circumstantial evidence, and if the circumstances are inconsistent with defendant's innocence, it is not necessary that they be absolutely conclusive of his guilt. *State v. Buffington*, 588 S.W.2d 512, 514 (Mo.App.1979).

Defendant was identified as having cashed, at a grocery store known as So-Lo Market, a check drawn on the account of Amko Insulation, signed Mark DeWoody and payable to Sammy Lee Dennis, Jr. He signed the name Sammy Lee Dennis, Jr. on the back and received groceries and cash. The check was returned as the bank account for Amko Insulation was closed in December of 1978. "Mark DeWoody" did not have authority to sign a check on the account during its existence. The check was dated January 31, 1980, the day it was cashed. On February 5, 1980, appellant attempted to cash another check at the same store. Earlier that day the store employees had learned that the previous check was not honored. An employee at the store told defendant he would take the check to the back and call the owner to see if he could cash it. Defendant refused to give him the check, "got kind of nervous" and left. Defendant came back to the store that night, again attempted to cash the check and was refused. The employees called the police and as defendant was leaving the store he was arrested. He was placed in the back of a "paddy wagon" and taken to police headquarters. Upon arrival a police officer found several pieces of paper in the back of the paddy wagon. Before placing defendant in the paddy wagon, the pieces of paper were not there. The pieces were placed together and found to be a check drawn on G & R Home Builders Company, signed by Mark DeWoody and payable to defendant.

The evidence was sufficient for the jury to find that defendant had knowledge that the check he cashed was made by someone other than it purported to be. Amko Insulation had not done business since March of 1978, and the signer of the check was not authorized to do so. The jury could find that defendant had in his possession, five days after cashing the check, another check purportedly signed by Mark DeWoody, which he attempted to destroy. Destroying evidence shows consciousness of guilt. *State v. Quigley*, 591 S.W.2d 740, 743 (Mo.App.1979). If that check was proper and defendant believed it unrelated to his arrest there would be no reason to destroy it. Attempting to destroy it indicates that defendant was aware that "Mark DeWoody" was not authorized to sign either check. In addition, there was no explanation as to how defendant acquired the check he cashed. When the facts show that a defendant uttered as true an instrument falsely made, an inference arises that

he either forged the instrument or knew it was forged, unless the uttering or forgery is satisfactorily explained. *State v. Gilyard*, 523 S.W.2d 564, 568 (Mo.App.1975). Point one is denied.

Defendant's second point contends that the court erred in admitting the torn check because it constituted evidence of a crime of forgery for which defendant was not on trial. Assuming that it was evidence of another crime, it was still admissible. Evidence that an accused attempted to destroy evidence is admissible as showing his consciousness of guilt and is not rejected because it incidentally proves the defendant guilty of another crime. *State v. Quigley*, supra, 591 S.W.2d at 743. Point two is denied.

Appellant's third point contends that the trial court erred in overruling his objections to the prosecutor's closing argument which "inferred that defendant would commit further crimes if he was not found guilty, because the prosecutor's argument was beyond normal bounds of properly calling the attention of the jury to the prevalence of crime, in that the prosecutor's argument was calculated to inflame or excite the jury, and did so inflame or excite." The prosecutor stated that he was concerned about defendant's future and "that's the reason that I'm going to ask you to send him to jail. Because I know this much: That with that man in jail, So-Lo Market will not get another check for the time he's in jail and at least you can continue—". At that point he was interrupted by an objection which was overruled. The prosecutor picked up the argument thereafter by stating "Putting the defendant in jail, ladies and gentlemen, may be a small start. But, it's a step in the right direction, and it's a lot better than putting our heads in the sand." The prosecutor's comments did not say that defendant would commit additional crimes if he was not convicted. It did say that defendant would not be able to cash a check at the store while "in jail". Within five days defendant three times had cashed or attempted to cash checks at the market, at least one of which the evidence showed

was forged. A prosecutor "may properly argue for law enforcement as a deterrent to crime and the result of a jury failing to do its duty." *State v. Whitlock*, 598 S.W.2d 521, 522 (Mo.App.1980). Wide latitude is allowed in jury argument and in the trial court's discretion in determining that latitude. Id. Point three is denied.

Point four contends that the trial court erred by giving a modified version of MAI–CR 2d 2.60. The jury initially set defendant's term at three years but the court sentenced him to six years as a "persistent offender". § 558.016, RSMo 1978. Instruction 2.60 informs the jury that if they find defendant guilty they may sentence him to either: "1. Imprisonment for a term fixed by the Court, but not to exceed the term assessed and declared by the jury in its verdict, or,". It then continues with reference to the payment of a fine or imprisonment and the payment of a fine. The instruction as given stated in its first numbered paragraph: "1. Imprisonment for a term fixed by the Court and in most instances not to exceed the term assessed and declared by the jury in its verdict, or".

The instruction given was more accurate in this case than the one provided in MAI–CR 2d and we do not see how defendant could have been prejudiced by the modification. A conviction should be reversed only when the defendant has been prejudiced by an error in an instruction. *State v. Cullen*, 591 S.W.2d 49, 52 (Mo.App. 1979). See also *State v. Hunter*, 586 S.W.2d 345 (Mo. banc 1979). Point four is denied.

The judgment is affirmed.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.