STATE of Missouri, Respondent,

v.

Yvonne McINTOSH, Appellant.

No. 44895.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 14, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 15, 1983.

William J. Shaw, Stormy B. White, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

CRIST, Judge.

Appeal from a conviction for forgery, a Class C felony, for which defendant was sentenced to three years imprisonment. We affirm.

In a memorandum to the trial court, defendant's attorney related defendant had agreed with prosecuting attorney to submit her case on the police report and uttered check. In questioning by the court, defendant admitted she had waived a trial by jury and had agreed the court would find her guilty based on the stipulated facts. Defendant's attorney further advised the court there was an agreement between defendant and prosecuting attorney defendant would be sentenced to three years imprisonment and would receive credit for all time served. Defendant testified this was her understanding of the agreement and no other promises had been made to her. The trial court found defendant guilty and gave her a three year sentence, with credit for all time served.

Defendant now asserts there was insufficient evidence to find she knew the check was not genuine. Regarding sufficiency of proof, our standard of review is to accept as true all evidence, direct or circumstantial, and all reasonable inferences supportive of the verdict, and to disregard those portions of the record contrary to a finding of guilt. *State v. Turner,* 623 S.W.2d 4, 6 (Mo. banc 1981), cert. denied, 456 U.S. 931, 102 S.Ct. 1982, 72 L.Ed.2d 448 (1982).

Section 570.090.1(4), RSMo. 1978 provides: A person commits the crime of forgery if, with the purpose to defraud, he

(4) Uses as genuine, or possesses for the purpose of using as genuine, or transfers with the knowledge or belief that it will be used as genuine, any writing or other thing which the actor knows has been made or altered in the manner described in this section.

It is undisputed defendant uttered the check and the check was not issued by the purported maker. Defendant contends there was no evidence she knew the check was false or had the intent to defraud. However, when defendant uttered as true a falsely made instrument, an inference arose she forged the instrument or knew it was forged, because the uttering or forgery was not satisfactorily explained. *State v. Dennis,* 622 S.W.2d 404, 405–06 (Mo.App.1981).

The stipulated facts in evidence show only defendant uttered a falsely made check. There is no explanation of the uttering or the forgery. On April 5, 1979, the Kinloch Supermarket cashed six checks written on the Stanley Seidel Company. All six checks were returned by the bank, marked "stolen." An employee of Stanley Seidel Company stated the checks were stolen in a burglary at the company. After the theft, the bank account was closed.

One of the checks was cashed by defendant, who was listed as payee on the check. The stipulated facts reveal a scheme whereby one person would cash the check and then split the proceeds with confederates. Defendant was one of several persons charged with passing bad checks in this scheme. A warrant to arrest defendant for passing bad checks was issued after one of her confederates told the police where to find her. The police report reveals at the time of her arrest, defendant conceded to the arresting officer that one of her confederates told her to get out of the house because the police were looking for her.

The inference that defendant forged the check or knew it was forged arose because defendant uttered the bad check. *State v. Dennis,* 622 S.W.2d at 405–06. This inference arose even though defendant made no representation the check was genuine. *State v. Massey,* 492 S.W.2d 48, 51–52 (Mo. App.1973). In agreeing to submit the case on the police report and the uttered check, defendant waived the opportunity to rebut this inference. No explanation of the ut-

tering or the forgery was offered into evidence. Further, proof of defendant's intent to defraud could be inferred from the act of uttering the forged check. *State v. Washington,* 570 S.W.2d 838, 843 (Mo.App.1978). Therefore, the trial court had ample evidence for conviction.

 However, even if defendant had offered an explanation disavowing knowledge the check was not genuine, reversal would not be required. It is within the discretion of the trier of fact to accept or reject such explanations, based on the reasonableness and credibility of the explanation. *State v. Seaman,* 625 S.W.2d 950, 953–54 (Mo.App. 1981).

Having chosen to stand on the uttered check and police report without explanation, defendant has no basis for appeal.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.