**STATE of Missouri, Plaintiff–Respondent,**

v.

**Timothy JOHNSON, Defendant–Appellant.**

No. 55211.

Missouri Court of Appeals, Eastern District, Division One.

April 18, 1989.

Henry B. Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., and John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Timothy Johnson, appeals from his conviction of possession of a controlled substance, to wit, phencyclidine (PCP). He was sentenced to four years' imprisonment. We affirm.

Defendant does not challenge the sufficiency of the evidence. Viewed in the light most favorable to the judgment, the evidence showed that defendant's vehicle was stopped in the left lane of an interstate highway in St. Peters, Missouri. Two children were in the vehicle. When the police arrived, they observed that defendant could barely stand up, that his eyes were bloodshot, and that he was confused and incoherent. In response to questioning, defendant was unable to identify the children or to tell why they were with him. The children were afraid of defendant and would not go near him. Defendant was arrested for driving while in an intoxicated or drugged condition and for endangering the welfare of the children.

While the police were filling out the tow form for defendant's vehicle, two officers "located" a black bowl on the rear floor board of the automobile. In the bowl, there were three small bottles. One of the bottles was half full of a clear liquid which had a "very toxic odor about it." The other two bottles were empty. The liquid was later determined to be PCP.

Defendant was transported to a hospital and read his *Miranda* rights. He refused to submit to drug tests.

One of the children later gave a statement to the police that defendant was driving the children to a relative's home in Kansas City, Missouri. Defendant dipped a cigarette into a liquid and smoked it. After that, he began acting strangely.

Defendant filed a motion to suppress the evidence seized from his automobile. Defendant waived his right to a jury trial. He entered into an agreement with the State which provided that, if the trial court overruled his motion to suppress, the case would be submitted to the court on the police reports. Defendant testified at the suppression hearing and denied the allegations in the police reports. The court overruled defendant's motion, found defendant guilty, and sentenced him to four years' imprisonment, to be served concurrently with a sentence he was already serving.

In his first point, defendant alleges that the trial court erred in refusing to suppress the PCP seized during a warrantless search of his automobile.

It is axiomatic that, in order to raise a challenge to a search and seizure, a search must have occurred. The sparse facts, as set forth in the police reports, do not clearly illustrate that the police conducted a search of defendant's automobile. The State in its brief, however, says that the police officers searched the car. A reading of the police reports, in a light most favorable to the State, would have supported a finding that the bottles were in plain view on the rear floor board of defendant's car and that their seizure was permissible under the plain view doctrine. *See State v. Gibbs*, 600 S.W.2d 594, 598 (Mo.App.1980). Because of the State's characterization of the events as a search, we proceed on the basis that there was a search of defendant's automobile.

The State relies upon the rule established in *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981) that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." The police may also examine the contents of any containers found within the passenger compartment. *Id.*

■ Here, defendant was arrested for driving while in a drugged or intoxicated condition and for endangering the welfare of the children.[1] Incident to that lawful arrest, the officers were entitled to search the passenger compartment of defendant's automobile. The subsequent seizure of the bottles in the black bowl from the back of defendant's car was also authorized. In view of the police officers' suspicion that defendant was under the influence of drugs or alcohol while operating his vehicle, it was reasonable for the officers to think that evidence of that crime would be in the automobile where it was accessible to defendant. Given the circumstances of this case, the officers were not only authorized to search defendant's automobile, but would have been remiss in their duty if they had not done so. The seizure of the bottles was permissible as a search incident to a lawful arrest. The trial court did not err in admitting the PCP into evidence. Defendant's first point is denied.

■ In his second point, defendant contends that the trial court erred in trying defendant without obtaining a valid waiver of his right to trial by jury.

Rule 27.01(b) provides:

The defendant may, with the assent of the court, waive a trial by jury and submit the trial of any criminal case to the court, whose findings shall have the force and effect of the verdict of a jury. In felony cases such waiver by the defendant shall be made in open court and entered of record.

A waiver by the accused and an assent of the court must appear from the record with unmistakable clarity. *State v. Bibb*, 702 S.W.2d 462, 466 (Mo. banc 1985).

---

1. Defendant does not question the validity of the custodial arrest. There is nothing in the record to suggest that the arrest was anything but lawful.

The record on appeal demonstrates that defendant orally acquiesced to the agreement with the State and waived his right to trial by jury in open court. There was no indication that defendant's waiver was not freely and intelligently made. *See Adams v. United States,* 317 U.S. 269, 281, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1942). Defendant's second point is denied.

The judgment is affirmed.

CRIST and DOWD, JJ., concur.