

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED100246 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | 1222-CR01721-01 |
| | ) | |
| LANDON MATTHEW THOMAS, | ) | Honorable John Francis Garvey |
| | ) | |
| Respondent. | ) | FILED:  June 24, 2014 |

## OPINION

The State appeals from the denial of its motion to set aside the ruling disposing of

Landon Matthew Thomas's (Defendant)[1] charges of two counts of felony stealing in violation of

Section 570.030.1, RSMo 2000,[2] without conducting a trial and, over the State's objection,

submitting the case solely on a police report and precluding the State from presenting any

evidence.  We reverse and remand.

## Factual and Procedural Background

Defendant was charged with two counts of felony stealing over $500, in violation of

Section 570.030, involving two incidents occurring in March 2012.  Count I of the indictment

alleged that on March 24, 2012, Defendant, along with his co-defendant, Byron Parker Aston

---

[1]  The State is simultaneously appealing a companion case, State v. Aston (ED100247).  For ease of discussion and to present a more complete picture of the underlying proceedings, both cases are referred to in this opinion and the same analysis is used to address the State's point on appeal in each case.

[2]  Unless otherwise indicated, all further statutory references are to RSMo 2000, as amended.

(Aston), stole grease of a value of at least $500 from McGurk's Bar and Grill. Defendant and Aston did so without the consent of McGurk's and with the purpose to deprive it thereof. The initial felony complaint listed Defendant and Aston as co-defendants. A grand jury then indicted Defendant and Aston on Count I. Count II of the indictment alleged that Defendant stole grease of a value of at least $500 from Tucker's Restaurant without its consent and with the purpose to deprive it thereof.

On April 23, 2013, Defendant and Aston appeared before the trial court. Counsel for Aston made an oral motion to sever his case from Defendant's because Aston was waiving his right to a jury trial, opting instead to have a bench trial, but Defendant still requested a jury trial. The trial court granted the motion and severed Aston's case from Defendant's.

The trial court then asked for the police report regarding the felony stealing incident.[3] After reading the police report, the court voiced concern about the value of the stolen grease. The court asked the State about the value, and the State responded that the grease was valuable to the restaurant and the company that picks it up: the grease, about 2,000 pounds, was worth over $800, although the value of the grease was not indicated in the police report. The State explained that its reason for objecting to submitting the case on the police report was that those reports were only summaries. The State informed the court that it had endorsed witnesses, but the trial court stated that if it was going by the police report, the verdict was not guilty because the report did not prove value. The State again objected to submission of the case on the police report and asserted that it had the right to present evidence, regardless of whether it was a bench or jury trial. The State further argued that it had witnesses who would come in and attest to the value, and that these witnesses had been endorsed. The State argued that "the defense attorney

_____

[3] From the record, it is unclear who provided the report to the court.

had a right to depose them if he wanted to." The trial court then repeated that the verdict as to Aston was not guilty. The State then argued that the police report actually did duly assert the value of the stolen grease because the St. Louis Police Department's expert on grease theft could lay the foundation as to the value of the grease. The trial court repeated that it did not find that the police report established the value of the grease because there were no "witnesses in the police report testifying or giving information, nor [was there] the police officer saying I am an experienced grease cop, and in my experience the value is…$800."

The State asked for a moment to confer with co-counsel, but the trial court replied, "this case is over…I've rendered my verdict in this case."

Immediately following the not-guilty disposition in Aston's case, Defendant's counsel informed the court that Defendant also wanted to waive a jury trial and submit the case on the police report alone. Immediately, the State informed the court that it had an officer waiting to testify at the bench trial, but the court stated that Defendant also wanted to submit the case on the police report. The State repeated its objection to submitting the case on the police report, stating that it would be prejudiced by any such submission, and by allowing defendants to dictate the State's evidence the court was effectively precluding the State from meeting its burden of proof:

> [State]: Because the State cannot meet its burden. The State is prejudiced— if the defense could submit every case on the record in this circuit, the case—the State would never meet its burden. Because the police report is just a summary.
> The police report in and of itself does not allow the State to meet its burden. And that is why we have trials, whether a jury or bench trial.
> Your honor, if these defendants are allowed to submit their case on the record, you would make the same ruling for the same reasons….And every defendant in this jurisdiction would walk if they were allowed to submit every case on the record.
> THE COURT: No, that's not true. That's not true at all. I've had cases submitted on the police report where I've found guilt….That's a mischaracterization of submitting on the police report.

3

The trial court then swore in Defendant and explained to him the rights associated with a jury trial. Defendant stated that he understood those rights and was waiving a jury trial. The State then requested leave to research the issue of submission of cases on the police report because it was "a novel issue, at least in this jurisdiction, it's not common for cases to be submitted on the record." The trial court denied the State's request, overruled the State's objection to submission on the police report, and took the case on the record. Again, the trial court found that the police report did not sufficiently establish the requisite value element. The trial court further found that the police report did not establish that Defendant had the requisite intent. The trial court then found Defendant "not guilty as charged."

On April 26, 2013, the State filed a motion to set aside the trial court's ruling in allowing Defendant to submit his case solely on the police report. The State argued that because the trial court did not receive evidence, jeopardy did not attach to either defendant. As such, the State requested the opportunity to retry the defendants, including the opportunity to present evidence of their guilt. Following a hearing held off the record, the trial court denied the State's motion as to both defendants. This appeal follows. Additional facts will be discussed in the context of our analysis of the claim on appeal.

<u>Standard of Review</u>

"Whether a defendant is afforded the protections of the Double Jeopardy Clause is a question of law, which we review de novo." <u>State v. M.L.S.</u>, 275 S.W.3d 293, 296 (Mo. App. W.D. 2008).

In a court-tried case, jeopardy attaches when the court begins to hear the evidence. <u>State v. Shaon</u>, 145 S.W.3d 499, 503 (Mo. App. W.D. 2004). The constitutional protection provided by the double jeopardy clause prohibits "(1) second prosecution for the same offense after

4

acquittal; (2) second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." Shaon, 145 S.W.3d at 503 (quoting State v. Jarvis, 809 S.W.2d 460, 461 (Mo. App. E.D. 1991)).

## Discussion

In its sole point on appeal, the State argues that the trial court erred in disposing of Defendant's charges for felony stealing over $500 without a trial. Specifically, the State contends the trial court precluded it from presenting any evidence and, over the State's objections, entered a ruling pronouncing Defendant not guilty based solely on a police report.

Rule 27.02 states in pertinent part that "[t]he order of trial . . . in felony cases *shall* be as follows:…(g) The attorney for the state *shall* offer evidence on behalf of the state." [Emphasis added.] As written, the rule clearly imposes an obligation on the State to present evidence of a defendant's guilt. Additionally, Section 546.070(1) restates this obligation: "[t]he prosecuting attorney must state the case and offer the evidence in support of the prosecution." Only after the State has had the opportunity to present evidence can a defendant move for a judgment of acquittal. Rule 27.02(h). Because the State bears the burden of proving guilt beyond a reasonable doubt, "it should not be unduly limited in the manner in which it satisfies [its] quantum of proof." State v. Anderson, 306 S.W.3d 529, 538 (Mo. banc 2010); State v. Watson, 391 S.W.3d 18, 21–22 (Mo. App. E.D. 2012). Analogously, the State should not be precluded from presenting evidence needed to establish the elements of a crime.

Here, when the trial court allowed the case to be submitted solely on the police report, and over the continuous objections of the State, the State was effectively foreclosed from satisfying its burden of proving Defendant's guilt beyond a reasonable doubt. "The only way to determine if sufficient evidence exists for the State to satisfy its burden is for the State to present

5

all of its evidence." State v. Keeth, 203 S.W.3d 718, 722–23 (Mo. App. S.D. 2006). "The trial is the first opportunity afforded the State to present its evidence." Id. (citing Rule 27.02(g) and Rule 27.03). "Sufficiency of the State's evidence is not capable of determination without a trial." Id. By relying only on the police report to determine guilt and foreclosing the State from presenting any evidence, the court could not have had sufficient information to determine whether the State had satisfied its burden.

Assuming *arguendo* that Defendant had stipulated to admit the police report into evidence, the trial court could not use that stipulation to deny the State an opportunity to present additional relevant and material evidence. See State v. Clemons, 643 S.W.2d 803, 805 (Mo. banc 1983) ("[T]he right of the state to offer and to have received evidence which is relevant and material cannot be taken away by an offer for stipulation.") (quoting State v. Holmes, 609 S.W.2d 132, 135 (Mo. banc 1980)). Here, the police report did not prove the value of the stolen grease and the State sought to introduce relevant and material testimonial evidence of a grease vendor and the restaurant's manager regarding the value of the stolen grease in addition to the St. Louis Police Department's expert on grease theft. However, instead of allowing the State to present its evidence, the trial court allowed Defendant to submit the case solely on the police report. The court acknowledged that the State would have been allowed to present these witnesses had the case gone to trial. Instead, Defendant was allowed to establish his own facts of the case by limiting the evidence to the police report.

Since the State had the burden of proving Defendant's guilt beyond a reasonable doubt, it is unreasonable to allow the Defendant to dictate the manner of the State's proof by stipulating to given facts because the State has the right to offer and to have received evidence which is relevant and material. State v. Herrington, 890 S.W.2d 5, 7 (Mo. App. W.D. 1994); see also

6

State v. Boyer, 112 S.W.2d 575, 579 (Mo. 1937) (holding that the State was not required to accept a judicial admission or stipulation of the defendant and may insist on proving a fact with testimony from a live witness). The situation is even more egregious when, as here, there was no joint stipulation or agreement to submit the case on the police report. Indeed, in the instant case, the State was opposed to stipulating to the police report because it was a "summary" not meant to establish each element of the offense and insufficient to satisfy the State's burden of establishing guilt beyond a reasonable doubt. Nonetheless, the trial court allowed Defendant to unilaterally stipulate that the facts contained in the police report constituted the entirety of the evidence against him.

The trial court found that the State's objection was a "mischaracterization" of submitting cases on the police report because it had previously found other defendants guilty based on police reports alone. While Missouri courts have found guilt solely based on the submission of a police report, no cases allow a defendant to unilaterally, and over objection, submit a case on the police report. Rather, when a defendant is found guilty based on the submission of a police report, it involves a joint agreement between the State and the defendant. See State v. Agee, 37 S.W.3d 834, 835 (Mo. App. S.D. 2001) ("The case was submitted to the court on the basis of 'joint exhibit number one' consisting of information contained in police reports and a forensic laboratory report."); State v. Fay, 939 S.W.2d 20, 21 (Mo. App. E.D. 1997) (defendant's plea was not guilty, but he "stipulate[d] to the police reports recognizing there will be a finding of guilt"); State v. O'Brien, 784 S.W.2d 187, 188 (Mo. App. E.D. 1989) (case submitted upon a stipulation and agreement entered into between the prosecution and defense that the police reports would constitute the facts in evidence in lieu of witnesses testimony and that defendant would offer no evidence disputing the facts contained therein); State v. Johnson, 768 S.W.2d

7

662, 663 (Mo. App. E.D. 1989) (agreement between the State and the defendant that if his motion to suppress was overruled, the case would be submitted on the police reports); State v. McIntosh, 655 S.W.2d 83, 84 (Mo. App. E.D. 1983) (parties agreed to submit case on the police report and" uttered check").

Additionally, in the instant case, Defendant was not entitled to double-jeopardy protections because he never suffered jeopardy of conviction. "Unless jeopardy attaches, there can be no double jeopardy." State v. Stein, 876 S.W.2d 623, 625 (Mo. App. E.D. 1994); see also Serfass v. U. S., 420 U.S. 377, 393 (1975) (noting "the fundamental principle that an accused must suffer jeopardy before he can suffer double jeopardy"). "In a bench-tried case, jeopardy attaches once evidence has been presented." State v. Connell, 326 S.W.3d 865, 867 (Mo. App. W.D. 2010) (citing Shaon, 145 S.W.3d at 503. "Double jeopardy prevents (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after a conviction; and (3) punishing the defendant multiple times for the same offense." Connell, 326 S.W.3d at 867 (citing Shaon, 145 S.W.3d at 503).

Here, having heard no evidence, the trial court did not conduct a trial on Defendant's charges, and jeopardy did not attach; therefore, Defendant's purported acquittal is immaterial to whether a subsequent prosecution would violate double jeopardy. Even though the trial court stated that it had "acquitted" Defendants this is not dispositive for double-jeopardy. "In evaluating the trial court's judgment for double jeopardy implications, we do not rely upon the trial court's characterization of its action but must examine and consider the language of the judgment in its entirety.'" Connell, 326 S.W.3d at 867 (quoting Woodfill v. Shelter Mut. Ins. Co., 878 S.W.2d 101, 103 (Mo. App. S.D. 1994)). Moreover, here, the trial court did not provide the State with a full and fair opportunity to vindicate society's interests. State v. Seuferling, 238

S.W.3d 217, 223–24 (Mo. App. W.D. 2007) (noting that "the government, having had one 'full and fair opportunity' to vindicate society's interest, is denied another" prosecution after an acquittal). Without having held a trial in which the State presented its evidence, the trial court cannot be said to have adjudicated Defendant's innocence or guilt. As a result, Defendant was never placed in jeopardy of conviction. <u>Stein</u>, 876 S.W.2d 623 (holding that a trial court's dismissal of charges "was not an adjudication of defendant's guilt and therefore jeopardy never attached"). The limited record before us supports the State's contention that it was improperly precluded from presenting its case against Defendant. Point granted.

Conclusion

Reversed and remanded for trial and judicial reassignment.


_____
Mary K. Hoff, Presiding Judge


Kurt S. Odenwald, Judge and
Angela Turner Quigless, Judge, concur.