

# Missouri Court of Appeals
## Southern District

### In Division

IN THE MATTER OF THE CARE AND )
TREATMENT OF CORY BALLARD )
A/K/A CORY R. BALLARD, A/K/A )
CORY RAY BALLARD, )
  )
      Respondent-Appellant. )
  )
  )   No. SD37526
  )   Filed: **May 4, 2023**

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable David B. Mouton, Circuit Judge

### **AFFIRMED**

Cory Ballard ("Ballard") appeals his civil commitment for control, care, and treatment as a sexually violent predator. In a single point on appeal, Ballard argues the trial court abused its discretion by allowing the testimony of J.R., one of Ballard's victims, in that J.R.'s testimony was irrelevant, cumulative, and prejudiced Ballard "because it served only to inflame the passions of the jury by covering the same ground as the [S]tate's prior evidence in a less probative but more unfairly prejudicial manner." Finding no error, we affirm the trial court's judgment.

**Factual Background and Procedural History**

In 2017, Ballard pled guilty to one count of first-degree child molestation and was sentenced to seven years' imprisonment in the Missouri Department of Corrections. While serving his sentence, Ballard participated in the Missouri Sex Offender Program ("MoSOP"), which exists to provide "treatment, education and rehabilitation for all imprisoned offenders who are serving sentences for sexual assault offenses." *See* Section 589.040.1.[1] Ballard was terminated from MoSOP and received a conduct violation for forcibly touching the penis and thigh of another inmate in MoSOP.

Before Ballard's termination from MoSOP, Dr. Shawn Duffee evaluated Ballard to determine whether Ballard met the criteria of a sexually violent predator. Dr. Duffee concluded Ballard met the criteria and summarized his findings in an "End of Confinement Report." The State then filed a petition in the Circuit Court of Jasper County alleging Ballard was a sexually violent predator and seeking his civil commitment under Sections 632.480 through 632.513. Attached to the petition was Dr. Duffee's End of Confinement Report. The trial court held a probable cause hearing and issued a written order finding the State proved probable cause. Ballard then requested a jury trial.

Before trial, the State endorsed J.R. as a witness. Ballard moved in limine to exclude J.R.'s testimony, asserting J.R.'s testimony was irrelevant, cumulative of testimony to be offered by the parties' expert witnesses, and offered only to inflame the jury against him. The State and Ballard acknowledged expert witnesses on both sides had reviewed and relied on records about Ballard's crimes against J.R. The trial court denied the motion.

---

[1] All statutory references are to RSMo Cum. Supp. 2021.

The trial court conducted a two-day jury trial. The State called two witnesses, Dr. Jason Lawrence and J.R. Dr. Lawrence, a psychologist with the Missouri Department of Mental Health who had evaluated Ballard, opined Ballard met the criteria for a sexually violent predator. Dr. Lawrence testified Ballard scored a 5 on the Static-99R, placing Ballard in the above-average risk range to be charged with or convicted of a sex offense in the future. Dr. Lawrence testified he considered Ballard's past behavior in evaluating Ballard's ability to control his behavior in the future. Dr. Lawrence testified he reviewed and considered Ballard's offense history, including that Ballard's offense history is primarily with children. Dr. Lawrence testified about Ballard's entire history of sexual offenses, starting when Ballard was 16 or 17 years old, including an uncharged allegation in California regarding J.R.'s friend; Ballard's sexual offenses against his two stepsons in Missouri; and Ballard's sexual offense against another inmate resulting in Ballard's termination from MoSOP. Dr. Lawrence testified about Ballard's sexual offenses against J.R. in California. The trial court admitted and the State published to the jury Exhibit 26, which consisted of Dr. Lawrence's summary of Ballard's sexual offenses, including against J.R. The trial court admitted Exhibit 4, a certified copy of Ballard's sentence and judgment in California for his crimes against J.R. The State published Exhibit 4 to the jury. The trial court admitted Exhibits 1 and 2, documents Ballard prepared in MoSOP detailing his acts against J.R.

Over Ballard's objection, J.R. testified at trial as to multiple sexual offenses Ballard committed against her in California from about 1996 to 1999, from when she was around six years old until she was almost 10 and revealed the abuse at school, resulting in Ballard's arrest and later conviction and imprisonment in California. J.R. testified Ballard was her mother's friend and would help her mother, a single parent, with shopping, babysitting, and other tasks around the home. J.R. described multiple instances of Ballard's sexual abuse, including one

3

incident where Ballard touched her vagina, another where he fondled her breasts, and a third incident where Ballard forced her to perform oral sex on him. J.R. recalled Ballard would rub his penis around her vaginal area, resulting in cuts in her vaginal area and pain when she urinated. J.R. identified photos of herself at ages seven through nine, around the time Ballard abused her, and the trial court admitted those photos without objection as Exhibits 5-7.

Ballard called his own expert witness, Dr. Luis Rosell. Dr. Rosell testified, like Dr. Lawrence, that Ballard scored a 5 on the Static-99R, but Dr. Rosell testified Ballard did not meet the criteria for a sexually violent predator because he did not suffer from a mental abnormality. Dr. Rosell opined that Ballard had completed the majority of the MoSOP program, and that just because someone has an attraction they need not act on it and that he believed Ballard would be able to control his behavior if released.

Ballard also testified. As to J.R., he testified: "[E]verything she says is true." He testified his abuse of J.R. started with kissing and hugging and progressed to him fondling her genital area, him penetrating her with his finger and penis, and him performing oral sex on her and making her do the same to him. Ballard also testified about his other sex crimes against children, including against his two stepsons in Missouri. Ballard further testified:

| | |
|---|---|
| [State:] | Are you sexually attracted to children? |
| [Ballard:] | I have fantasized about them in the past, so I would say I am. |
| [State:] | Okay. So you're saying that today you're sexually attracted to children? |
| [Ballard:] | I would say that I am. |
| [State:] | All right. And that's the first time you've admitted that in this case; correct? |
| [Ballard:] | No. |
| [State:] | Okay. Well, during your deposition, you said that you weren't sexually attracted to children; right? |
| [Ballard:] | Yeah. |
| [State:] | And when you were asked: Have you ever been sexually attracted to children, you said no. Correct? |
| [Ballard:] | Yeah. |

4

The jury returned a verdict finding Ballard to be a sexually violent predator. The trial court entered judgment on the jury's verdict and committed Ballard "to the custody of the director of the Department of Mental Health for control, care and treatment until such time as [Ballard's] mental abnormality has so changed that he is safe to be at large." Ballard moved for a new trial, asserting the trial court erred in allowing J.R. to testify. The trial court denied the motion. Ballard timely appealed.

## Standard of Review

"The trial court enjoys 'considerable discretion' in deciding whether to admit or exclude evidence, and its evidentiary rulings are reviewed for abuse of discretion." *In re Stiles*, 662 S.W.3d 322, 331 (Mo.App. 2023) (quoting *Shallow v. Follwell*, 554 S.W.3d 878, 881 (Mo. banc 2018)). A trial court abuses its discretion when its "ruling is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." *Id.* "We will not reverse the trial court's judgment unless the error 'materially affected the merits of the action.'" *Id.*

## Analysis

Ballard does not dispute that evidence concerning his sexual offenses against J.R. was relevant. Rather, Ballard's argument is that J.R.'s live testimony was irrelevant, cumulative, and offered only to inflame the jury where Dr. Lawrence, the State's expert, testified about Ballard's crimes against J.R. before J.R. testified and where numerous exhibits (Exhibits 1, 2, 4, and 26) concerning Ballard's crimes against J.R. had been offered and admitted before J.R. testified. Per Ballard, evidence about J.R. should have come in only through the expert witnesses (or perhaps through Ballard himself) and not through J.R.'s live testimony. Ballard asserts that he does not seek a per se rule that victims cannot be called as fact witnesses, and then suggests victim

5

testimony should be limited to undetected victims where information about undetected victims is not available through other evidence in the case.

Ballard cites no case in support of his argument that a trial court abuses its discretion in permitting a victim (undetected or otherwise) to testify in a sexually violent predator civil commitment trial where other evidence about the victim has been offered and admitted before the victim testifies. We find Ballard's argument to have no basis in Missouri law. In fact, Ballard's argument is contrary to settled Missouri law that a defendant may not dictate how the State tries its case. *See State v. Thomas*, 434 S.W.3d 524, 529 (Mo.App. 2014) ("[I]t is unreasonable to allow the Defendant to dictate the manner of the State's proof by stipulating to given facts because the State has the right to offer and to have received evidence which is relevant and material.") (citing *State v. Herrington*, 890 S.W.2d 5, 7 (Mo.App. 1994); *State v. Boyer*, 112 S.W.2d 575, 579 (Mo. banc 1937)); *see also In re A.B.*, 334 S.W.3d 746, 748-49, 751 (Mo.App. 2011) (upholding defendant's commitment as a sexually violent predator as supported by clear and convincing evidence, including testimony of two victims by deposition and two victims by live testimony).

The State bore the burden to prove Ballard "suffer[ed] from a mental abnormality which ma[de] [him] more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility." *See* Section 632.480(5). J.R.'s testimony describing when and how she was sexually abused by Ballard was probative of whether Ballard met the statutory requirements. We disagree with Ballard's assertion that J.R.'s testimony should have been excluded as cumulative. "[A] trial court does not have discretion to reject evidence 'as cumulative when it goes to the very root of the matter in controversy or relates to the main issue, the decision of which turns on the weight of the evidence.'" *Black v. State*, 151 S.W.3d 49, 56 (Mo. banc 2004) (quoting *State*

***v. Kidd***, 990 S.W.2d 175, 180 (Mo.App. 1999)). Ballard's history of sexually abusing J.R. went to the very root of the matter in controversy; namely, whether Ballard met the statutory definition of a sexually violent predator.

We reject Ballard's argument that J.R.'s testimony was offered only to inflame the jury. Ballard argues the inflammatory nature of J.R.'s testimony is shown by the jury returning its verdict after only seven minutes of deliberation. J.R. provided brief testimony with limited detail recounting the facts of her abuse by Ballard. Further, there is no basis from which we can conclude J.R.'s testimony was offered only to inflame the jury given Ballard's admission that "[E]verything she says is true[,]" along with his own testimony about his conduct against J.R., which arguably was more detailed than J.R.'s own testimony. And, as discussed above, Ballard acknowledges evidence about J.R. was relevant and only disputes whether J.R. should have been allowed to testify.

Because J.R.'s testimony was relevant, not cumulative, and not offered only to inflame the jury, the trial court did not abuse its discretion by allowing J.R. to testify. Irrespective of J.R.'s testimony, the jury had before it ample evidence of Ballard's qualification as a sexually violent predator, the sufficiency of which evidence Ballard does not challenge on appeal. This evidence included Ballard's admission of his sexual attraction to children at the time of his trial, and his admission that he had denied his attraction to children during his deposition. Ballard failed to show that any error in admission of J.R.'s testimony "materially affected the merits of the action." ***Stiles***, 662 S.W.3d at 331 (quoting ***Shallow***, 554 S.W.3d at 881). Point denied.

**Conclusion**

The trial court's judgment is affirmed.

GINGER K. GOOCH, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS